IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ◊ | |
| Plaintiff, | ◊ | |
| vs. | ◊ | No. 86-20230-02-(H)Ml |
| ANTHONY L. THOMAS, | ◊ | |
| Defendant. | ◊ | |

ORDER DENYING PETITION FOR REMOVAL OF FELONY CHARGES

On December 22, 2005, defendant Anthony L. Thomas submitted a pro se motion in his closed criminal case seeking the expungement of his criminal conviction.

On August 6, 1986, a federal grand jury returned a two-count indictment charging Thomas with aiding and abetting fraudulent statements to the Veterans Administration, in violation of 18 U.S.C. §§ 1001 and 2. On November 10, 1986, Thomas appeared before District Judge Odell Horton to plead guilty to a superseding information charging him with one count of making fraudulent statements to the Department of Housing and Urban Development, in violation of 18 U.S.C. § 1001. On January 28, 1987, Judge Horton sentenced Thomas to one hour probation. Judgment was entered on February 10, 1987. Thomas did not appeal, and he did not file a motion pursuant to 28 U.S.C. § 2255.

The defendant has now filed a motion in which he seeks the expungement of his criminal conviction. The defendant has not, however, cited any authority for the proposition that this Court has the authority to expunge criminal convictions, and very few decisions in this circuit have addressed the issue. In United States v. Doe, 556 F.2d 391, 393 (6th Cir. 1977), the Sixth Circuit stated that "[i]t is within the inherent equitable powers of a federal court to order the expungement of a record in an appropriate case."[1] More recently, in United States v. Robinson, No. 94-1495, 1996 WL 107129 (6th Cir. Mar. 8, 1996), a case in which a defendant alleged that a federal conviction hindered her ability to find employment, the Sixth Circuit revisited the question of when it is appropriate for a court to exercise its discretion to expunge a criminal conviction:

> [T]his court has not yet posited a standard for determining which cases are "appropriate" [for expungement]. Other circuits recognizing an equitable power to expunge have generally held that the decision to exercise such power hinges on a balancing of "the government's need to maintain extensive records to aid in effective law enforcement against the harm to the individual of maintaining these records." . . . Acknowledging the strength of the government's interest in this context, however, these circuits have held that

---

[1] The facts in Doe are entirely different from those presented in this case. Doe had been sentenced pursuant to the Federal Youth Corrections Act, 18 U.S.C. § 5005 et seq., a statute which has since been repealed, and his conviction had been set aside pursuant to 18 U.S.C. § 5021(b). Doe sought an order directing that the record of his conviction be expunged. The Sixth Circuit held that the statute at issue did not "authorize[] or require[] obliteration of the court records of conviction," and that the district court did not abuse its discretion in declining to exercise its equitable powers to expunge the records. Id. The Sixth Circuit did note, however, that, pursuant to federal law, "[i]f there are FBI records which disclose appellant's conviction but fail to reflect the fact that it has been set aside, appellant can require the correction of these records." Id.

>   the expungement power is narrow and appropriately used only in extreme circumstances. . . .
>
>   Applying the foregoing standards, federal courts have most readily invoked the expungement power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct. Conversely, courts have uniformly denied expunction requests regarding valid convictions. . . . While these cases may not establish a per se rule against expunging valid convictions, they illustrate that petitioners must put forward much more compelling and extraordinary circumstances that those relied upon by Robinson.

Id. at *1-*2 (citations omitted); see also United States v. Gillock, 771 F. Supp. 904 (W.D. Tenn. 1991) (denying motion for expungement); United States v. Wiley, 89 F. Supp. 2d 909 (S.D. Ohio 1999) (same); Schwab v. Gallas, 724 F. Supp. 509 (N.D. Ohio) (same).

In his motion, Thomas does not contend that his conviction was invalid, and he does not advance any persuasive reasons why this Court should exercise any equitable powers it may have to order the expungement of his criminal conviction.[2] Accordingly, the defendant's motion is DENIED.

IT IS SO ORDERED this 31st day of January, 2006.

    /s/ Jon P. McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

---

[2] More recent decisions from other circuits cast serious doubt on whether federal courts have subject-matter jurisdiction over motions to expunge criminal convictions. United States v. Dunegan, 251 F.3d 477 (3d Cir. 2001); United States v. Sumner, 226 F.3d 1005 (9th Cir. 2000). The Court finds it unnecessary to consider that issue, however, because Thomas has not established his entitlement to relief pursuant to the standards previously applied in this circuit.